UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MARY BOLLOCK,<br><br>       Plaintiff,<br><br>VS.<br><br>BOYDS' GUNSTOCK INDUSTRIES, INC.,<br><br>       Defendant. | Civil Case No. __19-4048__<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

COMES NOW Plaintiff Mary Bollock, and for her Complaint against Defendant Boyds' Gunstock Industries, Inc., states and alleges as follows:

## PARTIES

1) Plaintiff Mary Bollock ("Bollock") is an adult resident of Davison County, South Dakota.

2) Bollock was born in 1959 and was within the statutorily protected age group at all times relevant to this Complaint.

3) Defendant Boyds' Gunstock Industries, Inc. ("Boyds") is a South Dakota corporation doing business selling gunstocks and related items in Davison County, South Dakota.

4) Boyds employs more than 20 people.

## JURISDICTION AND VENUE

5) This an employment discrimination and retaliation action arising under the Age Discrimination in Employment Act of 1967 ("the ADEA"), codified at 29 U.S.C. § 623(a), as amended by the Older Workers Benefits Act of 1990 and the Civil Rights Act of 1991.

6) Boyds is an employer within the meaning of and is subject to the ADEA.

7) At all times relevant to this Complaint, Bollock was employed by Boyds in its Davison

County place of business.

8) On or around December 4, 2018, the EEOC issued a Notice of Right to Sue to Bollock.

9) This Court has subject matter jurisdiction over the Plaintiff's discrimination and retaliation claims pursuant to 29 U.S.C. § 626 and 28 U.S.C. §§ 1331.

10) This Court has personal jurisdiction over the Defendant because it is a South Dakota corporation doing business in South Dakota and the events giving rise to these claims occurred in South Dakota.

11) Venue is proper in accordance with 28 U.S.C. § 1391(b) because both the parties reside or are located in the District and because the events giving rise to these claims occurred in this District.

## GENERAL ALLEGATIONS

12) Beginning in March 2015, Boyds employed Bollock as a marketing manager in its Marketing Division.

13) Bollock's direct supervisor was Dustin Knutson. Knutson is substantially younger than Bollock.

14) Bollock performed her job in the manner expected by her employer.

15) In approximately May 2017, Boyds gave Bollock a $3000.00 raise.

16) During her employment, Knutson repeatedly harassed Bollock and treated her worse than similarly situated employees who are younger than Bollock in an attempt to force Bollock to quit.

17) During her employment, Knutson expressed his animus toward employees of Bollock's age and generation in the presence of other employees in a way that was designed to humiliate Bollock, to undermine Bollock's job performance and to ostracize her from her

co-workers, including the following:

    a. Knutson made generational jokes about Bollock's age in an attempt to get employees to join him in ridiculing Bollock;

    b. Knutson would say "That sounds like something my mother would say" as a means of suggesting to Bollock and her co-workers that Bollock was too old to understand modern technology;

    c. Knutson referred to Bollock by referencing her gray hair;

    d. Knutson referred to Bollock and the only other woman in the protected age group at a meeting as "the grannies"; and

    e. Knutson asked Bollock to show two younger employees her "random old lady whisker that all old ladies get."

18) Approximately two months after receiving a raise for performance, Bollock discovered that Knutson was advertising her position online as an open position.

19) Bollock asked Knutson why her job was posted as an open position and Knutson stated that he had posted her job because she had allegedly failed to provide him with a proposed marketing plan. Bollock responded by submitting a proposed marketing plan to Knutson. Knutson accepted the marketing plan but chided Bollock about waiting to submit it until she saw her job position advertised. When Bollock pointed out to Knutson that she had originally presented the same marketing plan to him in 2016, Knutson ignored Bollock.

20) In July 2017, Bollock was demoted and replaced by a younger, less experienced employee. Bollock was required to train her replacement and was held responsible for some of her replacement's duties.

21) Bollock reported Knutson's discriminatory conduct to her co-workers and to Boyds' human resources ("HR") manager several times, including in August 2016, April 2017, August 2017 and October 2017.

22) In response to Bollock's report, Boyds' HR manager Becky Gillen acknowledged that Bollock's age discrimination reports were upsetting, and Gillen told Bollock that Knutson wanted a "thirty-something company."

23) To the best of Bollock's knowledge, Boyds did not investigate or take remedial action as a result of any of Bollock's age discrimination reports to Boyds' HR department.

24) In late October 2017, Knutson called a meeting with Bollock and reduced her wage and removed her from exempt status.

25) On November 10, 2017, Bollock went to Randy Boyd to report her complaints about the harassing and discriminatory behavior that Knutson was inflicting on her. Bollock told Boyd that she was being targeted and harassed by Knutson.

26) Boyd, the founder and president of Boyds, responded to Bollock's report of discriminatory treatment by telling Bollock that he did not get involved in that "stuff" anymore and that his role was to make sure that Boyds was profitable.

27) Within a week after her meeting with Randy Boyd, Knutson delivered a final written warning to Bollock even though Bollock had no prior disciplinary actions in her personnel file.

28) When he issued the final written warning, Knutson also announced that he would no longer be supervising Bollock. Bollock was demoted to a different job assigned and Knutson assigned her to a supervisor who was located in Arizona.

29) Bollock was required to provide her supervisor with a detailed, hourly documentation of

her daily work activities.

30) Bollock discovered that Knutson was surreptitiously trailing and photographing Bollock at work even though he was no longer supposed to be supervising her.

31) To the best of her knowledge, no other similarly situated employee was subjected to the level of scrutiny that Bollock was.

32) When Bollock complained to the HR manager that she felt she was being subject to special scrutiny as retaliation for her discrimination report to Randy Boyd, Gillen again acknowledged that Knutson "always dogs you."

33) To the best of Bollock's knowledge, Boyds did not investigate or take remedial action relative to Bollock's discrimination and retaliation report.

34) In December 2017, Boyds reduced Bollock's Christmas bonus from $3000.00 to approximately $600.00.  To the best of her knowledge, she was the only similarly situated employee whose bonus was reduced.

35) On January 3, 2018, Bollock submitted a resignation letter because she was no longer able to tolerate her hostile work environment. She was constructively discharged as a result.

## COUNT I:  VIOLATION OF THE ADEA
### (Age Discrimination in Employment)

36) Plaintiff incorporates Paragraphs 1-35 above.

37) At all times relevant to this Complaint, Bollock was an employee within the protected age group for the purposes of the ADEA.

38) Bollock was qualified for her position with Boyds.

39) During the course of her employment, Bollock was subject to severe and pervasive harassment because of her age, which created a hostile, intimidating and offensive work

environment.

40) During the course of her employment, Bollock was subject to more difficult performance standards, harsher disciplinary actions, different pay for similar work, and stricter supervisory scrutiny than similarly situated younger workers.

41) The reason Bollock was subject to harassment and harsher terms and conditions of employment was because of her age and her supervisor's desire to have a thirty-something workplace.

42) Bollock was demoted and replaced by a substantially younger worker.

43) Bollock's job duties, wages and benefits were reduced as compared to similarly situated younger workers.

44) The harassment she suffered at work affected Bollock's performance and her co-worker's willingness to associate with and work collaboratively with her.

45) Bollock was constructively discharged from her employment because of Boyd's hostile work environment and because of the discriminatory terms and conditions of her employment.

46) Boyds knew or should have known of the hostile work environment created by its supervisor.

47) Boyds knew or should have known of the discriminatory treatment that Bollock was subjected to by or under the direction of Dustin Knutson.

48) Boyds' proferred reasons for its adverse pay, benefits and job assignment decisions regarding Bollock's employment are pretextual.

49) Boyds failed to follow its age discrimination policies and acted in violation of the ADEA.

50)  To the best of Bollock's knowledge, she was not the only Boyds employee who was

subject to discriminatory terms and conditions of employment because of protected category status at Boyds.

51) As a direct and proximate result of Boyds' hostile work environment and discriminatory treatment because of her age, Bollock suffered a loss of wages and employment-related benefits and will continue to suffer a loss of future wages and employment-related benefits.

52) Boyds' violations of the ADEA via its adverse employment actions against Bollock were willful and intentional.

## COUNT I: VIOLATION OF THE ADEA
### (Age Discrimination in Employment -- Retaliation)

53) Plaintiff reasserts and realleges her allegations in Paragraphs 1-52 above.

54) Between 2016 and November 2017, Bollock repeatedly reported discriminatory treatment based on age to Boyds' HR manager and to its owner.

55) Bollock was engaged in protected activity when she opposed and reported incidents of age-related harassment, age discrimination and retaliation by her Boyds' supervisor.

56) Boyds, primarily through its general manager Dustin Knutson, subjected Bollock to retaliation for complaining of age discrimination in employment.

57) To the best of Bollock's knowledge, Boyds did not investigate or take appropriate remedial action to address her reports of discrimination and retaliation.

58) Within period of approximately two months after Bollock reported discrimination to Boyds' president, Bollock had been reassigned to a remote supervisor, was subject to harsher scrutiny by Dustin Knutson and had her annual Christmas bonus significantly reduced.

59) Boyds' proferred reasons for its adverse job duty assignments and its wage and benefits

decisions regarding Bollock's employment are pretextual.

60) Boyds knew or should have known of the retaliatory treatment that Bollock was subjected to by or under the direction of Dustin Knutson.

61) Bollock was constructively discharged from a job that she was qualified for because of the company's retaliatory response to her protected activity.

62) As a direct and proximate result of her protected activities, Bollock suffered a loss of wages and employment-related benefits, a negative alteration of the terms and conditions of her employment, and she will continue to suffer a loss of future wages and employment-related benefits in the future.

63) Boyds' violations of the ADEA via its retaliatory adverse employment actions against Bollock were willful and intentional.

## REQUESTS FOR RELIEF

THEREFORE Plaintiff Mary Bollock requests and prays for judgment against Defendant Boyds' Gunstock Industries, Inc. as follows:

1) For monetary damages in excess of $75,000 to compensate her for all special and general damages as allowed by the ADEA;

2) For her reasonable attorney fees, costs, disbursements and expenses incurred in the pursuit of this matter as allowed by the ADEA;

3) For liquidated damages as allowed by the ADEA;

4) For a trial by jury; and

5) For such other and further equitable relief as the Court may deem just and appropriate.

Dated this 1st day of March, 2019.

JOHNSON POCHOP & BARTLING

_____
Stephanie Pochop
405 Main Street | PO Box 149
Gregory, SD 57533
(605) 835-8391
Stephanie@Rosebudlaw.com
*Attorney for Plaintiff Mary Bollock*

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Mary Bollock
40302 250th Str.
Mitchell, SD 57301

**(b)** County of Residence of First Listed Plaintiff   Davison County, SD
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephanie E. Pochop
405 Main Street | PO Box 149
Gregory, SD 57533- (605) 269-0665

## DEFENDANTS
Boyds Gunstock Industries Inc.
25376 403rd Avenue
Mitchell, SD 57301

County of Residence of First Listed Defendant   Davison, County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 626 (ADEA)
Brief description of cause:
Age discrimination and retaliation in employment violation of federal law.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 75,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 03/01/2019
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____